1
2
3
4
5
6

7  **UNITED STATES DISTRICT COURT**
   **FOR THE WESTERN DISTRICT OF WASHINGTON**
8  **AT TACOMA**

9  | | |
|---|---|
| STANLEY PACE, an individual, | Case No. 3:18-cv-05965 |
| Plaintiff, | **COMPLAINT FOR DECLARATORY RELIEF** |
| v. | |
| JORAN LUNDH, an individual, | **JURY DEMAND** |
| Defendant. | |

COMPLAINT
[Case No. 3:18-cv-05965]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Plaintiff Stanley Pace ("Pace" or "Plaintiff") alleges for his Complaint against Defendant Joran Lundh ("Lundh" or "Defendant"), on personal knowledge as to his own activities and on information and belief as to the activities of others as follows:

### Nature of the Controversy

1. This is an action for Declaratory Judgment under 28 U.S.C. § 2201 that Plaintiff's registration and use of the internet domain name LASCAL.COM (the "Domain Name") does not violate Defendant's rights under the Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), or otherwise under the Lanham Act, 15 U.S.C. § 1051 *et seq.*

2. The Domain Name has been suspended by the registrar, Uniregistar Corp., and is at immediate risk of being transferred away from Plaintiff by, and as a result of, the actions of Defendant, which claims trademark rights and certain other rights with respect to the term and the domain name LASCAL.COM. The Plaintiff seeks a determination by this court that the Plaintiff's registration and/or use of LASCAL.COM is not, and has not been in violation of the ACPA, and that Plaintiff's use of LASCAL.COM constitutes neither an infringement of Defendant's purported trademark nor a violation of the ACPA.

### Parties

3. Plaintiff Stanley Pace is an individual residing in Washougal, Washington.

4. Defendant Joran Lundh resides in Hong Kong, China.

### Jurisdiction and Venue

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because the causes of action arise under federal law. Plaintiff seeks a declaration, under 15 U.S.C. § 1114(2)(D)(v) and 28 U.S.C. § 2201, that his registration and use of the Domain Name does not violate Defendant's claimed trademark rights.

6. This Court has personal jurisdiction over Defendant as he has consented to jurisdiction by this Court in Paragraph IX of his Complaint with the World Intellectual Property Organization (WIPO) in accordance with Paragraph 3(b)(xii) of the Uniform Domain Dispute Resolution Policy (UDRP) of the International Committee of Assigned

COMPLAINT - 1
[Case No. 3:18-cv-05965]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Names and Numbers (ICANN).

7. Venue in this Court exists under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District.

**Factual Background**

8. This case involves "reverse domain name hijacking," which occurs when an individual or an entity alleges that it is the owner of a trademark, and asserts spurious claims of trademark infringement against the owner of a domain name which is similar or identical to the registered trademark. Defendant is attempting to wrest control of Plaintiff's Domain Name by asserting baseless allegations of trademark infringement and cybersquatting.

9. Plaintiff is in the business of acquiring and using for business purposes generic domain names as and when they become available, for leasing, sale, or email services.

10. The disputed domain name LASCAL.COM was originally registered by the Plaintiff because of its generic or descriptive meaning.

11. The term "lascal" is both a common last name and an expression referring to "Las Vegas – California" which is used to reference the planned route of several new roads and trains interconnecting the Las Vegas metropolitan area and Southern California, as well as the economic relationship between those geographic regions.

12. At the time the Domain Name was registered, the Defendant had no trademark registrations.

13. Plaintiff was not aware of Defendant or its purported trademark. Plaintiff and Defendant reside in different hemispheres and Plaintiff does not speak Swedish.

14. On August 21, 2018 Defendant filed a Complaint initiating an arbitration proceeding in accordance with the UDRP against the Plaintiff for the domain name LASCAL.COM, alleging that it was infringing on his trademark for "Lascal." On September 11, 2018 WIPO accepted the Complaint as well as an Amended Complaint that was filed on September 5, 2018, and the registrar of the Domain Name, Uniregistrar

COMPLAINT - 2
[Case No. 3:18-cv-05965]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

Corp., disabled, suspended and "locked" the Domain Name, thereby prohibiting Plaintiff from utilizing the Domain Name in accordance with the uses typically enjoyed by a registrant of a domain name. The action to disable, suspend, and "lock" the Domain Name was in accordance with the UDRP and associated procedures.

15. On October 30, 2018 the WIPO panelist assigned to the case rendered a decision requiring the transfer of the domain name to Defendant. (WIPO case No. D2018-1902). As of the date of the filing of this complaint, the Domain Name continues to be disabled, suspended and "locked" pending the transfer of the registration to the Defendant, pursuant to the UDRP decision.

16. The reasons stated in the ruling of the arbitrator represent a significant departure from the written standards contained in the UDRP in that Defendant did not prove (1) that Plaintiff did not have bona fide rights in the Domain Name or in terms included in the Domain Name (for purposes of the federal trademark laws that are applicable to the proceeding), (2) that Plaintiff had no legitimate interest in the domain, or (3) that Plaintiff had registered and/or used the Domain Name in bad faith.

17. Plaintiff's use of the term as a domain name has not traded upon any goodwill or reputation enjoyed by Defendant as it relates to the products or services that Defendant offers, nor is there any possibility of confusion between Plaintiff's web site and the products offered by Defendant to the general public.

18. Plaintiff's use of LASCAL.COM as his chosen domain name is a fair or otherwise lawful use of the term pursuant to his business plan to acquire generic or descriptive domain names.

19. At no time did Plaintiff trade upon or use Defendant's alleged trademark for his business of monetizing domain names.

20. At no time did the Plaintiff register or use the domain name LASCAL.COM in "bad faith" as defined by 15 U.S.C. § 1125.

21. Because of the actions of Defendant, and its claims of trademark infringement and violation of the UDRP, Plaintiff faces losing valuable rights in his internet domain

COMPLAINT - 3
[Case No. 3:18-cv-05965]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

name.

22. Due to the impending transfer of the Domain Name to the Defendant pursuant to the Decision by the WIPO Panel, Plaintiff is now forced to bring this action to protect his rights in his intellectual property. Plaintiff has had to retain counsel and to incur substantial fees and costs to bring this suit.

23. Because WIPO has directed that the LASCAL.COM domain name be transferred to Defendant, this Court has jurisdiction under 15 U.S.C. §1114(2)(D)(v) to determine whether Plaintiff's registration and use of LASCAL.COM is unlawful under the ACPA and the Lanham Act.

24. Based on the facts set forth herein, an actual controversy has arisen and now exists between Plaintiff and Defendant regarding whether or not Plaintiff's use of the term LASCAL.COM as his domain name infringes Defendant's trademarks or can serve as the basis for any relief under any federal or state law.

25. Plaintiff has never sold, transferred, or trafficked in the Domain Name. However, the Defendant repeatedly approached Plaintiff under false pretenses to attempt to induce Plaintiff into entering a purchase contract for the Domain Name. Nor has Plaintiff at any time specifically solicited offers from Defendant, though the Domain Name, along with thousands of other domain names registered by Plaintiff has been available for sale.

26. At all times, Plaintiff utilized the Domain Name in a bona fide manner for bona fide purposes.

27. Plaintiff has never had any intent to divert consumers from Defendant's online location to a site accessible under the Domain Name that could harm the goodwill represented by the mark, nor did he do so, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site.

28. Plaintiff's use of the Domain Name has been lawful, and has not infringed upon the mark of the Defendant. Plaintiff did not provide material and misleading false

COMPLAINT - 4
[Case No. 3:18-cv-05965]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1  contact information in connection with the registration of the Domain Name. Plaintiff did
2  not fail to maintain accurate contact information with respect to the Domain Name or
3  with respect to any other domain name.

4      29. Plaintiff's use of LASCAL.COM as his chosen domain name is a fair or
5  otherwise lawful use of the term. Under the ACPA, the trademark owner has the burden
6  of proof that the domain-name registrant used, registered, or trafficked in the domain
7  name with the bad-faith intent to profit from the trademark. 15 U.S.C. §1125(d)(1)(A).

8      30. Because of the actions of Defendant, and its claims of trademark infringement,
9  Plaintiff faces losing valuable rights in his Internet domain name.

**First Cause of Action**
**Declaratory Relief – 28 U.S.C. § 2201**
**No Violation of Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)**

13      31. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as
14  though fully set forth herein.

15      32. An actual controversy exists about whether Plaintiff should be entitled to the
16  domain name LASCAL.COM under the Anticybersquatting Consumer Protection Act, 15
17  U.S.C. § 1125(d).

18      33. The Anticybersquatting Consumer Protection Act provides a cause of action
19  for a registrant whose domain name has been suspended, disabled, or transferred under
20  which the registrant may sue for a declaration that the registrant is not in violation of the
21  ACPA and for injunctive relief, including the reactivation of the domain name.

22      34. Under 15 U.S.C. §1114(2)(D)(v), a registrant who is threatened with the loss
23  of his domain name under the UDRP has a cause of action to seek an injunction returning
24  the domain name if the registrant can show that the registrant is in compliance with the
25  ACPA.

26      35. Defendant does not have any exclusive use of the mark nor did it have such a
27  right at the time Plaintiff registered the Domain Name.

28      36. Plaintiff did not register the Domain Name with a bad-faith intent to profit

COMPLAINT - 5
[Case No. 3:18-cv-05965]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

from the goodwill of Defendant's trademark, as "bad faith" is defined in the ACPA. His interest in it was because it is a generic or descriptive domain name which is both a common last name and potentially valuable as an expression for "Las Vegas – California" to reference the planned route of new roads and trains between Las Vegas and Southern California, as well as the economic relationship between those geographic regions in general. Thus, Plaintiff could not have registered the Domain Name in "bad faith" as defined by the statute.

37. Plaintiff is entitled to have the unencumbered use of his domain name LASCAL.COM, to have the Domain Name reactivated, and to have all suspensions or transfers of the Domain Name terminated and prohibited.

38. Plaintiff's good-faith purchase and use of the Domain Name was or should have been known to the Defendant.

39. As a direct and proximate result of Defendant's allegations to WIPO, Plaintiff has been and will continue to be damaged through his inability to use the Domain Name.

40. Unless this Court issues a Declaratory Judgment that Plaintiff is entitled to maintain registration of his domain name LASCAL.COM, the transfer of the Domain Name to Defendant will damage Plaintiff irreparably. Plaintiff has no adequate remedy at law.

41. Defendant's acts make this an exceptional case under 15 U.S.C. §1117(a), and Plaintiff is thus entitled to an award of attorney's fees and costs.

**Second Cause of Action
Declaratory Relief – 28 U.S.C. § 2201
No Violation of Lanham Act, 15 U.S.C. § 1114(a)**

42. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 41 as though fully set forth herein.

43. An actual controversy exists about whether Plaintiff should be entitled to the domain name LASCAL.COM under the Lanham Act.

44. Plaintiff's and Defendant's legal interests are adverse and create a present

COMPLAINT - 6
[Case No. 3:18-cv-05965]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

threat of litigation.

45. Plaintiff's use of the Domain Name is not likely to cause confusion or mistake, or deceive as to the affiliation, connection, or association of Plaintiff with Defendant, or as to the origin, sponsorship, or approval of Defendant.

46. Defendant's acts make this an exceptional case under 15 U.S.C. §1117(a), and Plaintiff is thus entitled to an award of attorney's fees and costs.

**Request for Relief**

Plaintiff Stanley Pace respectfully requests the following relief:

1. An order directing the registrar, Uniregistrar Corp., to take all action necessary to enable the domain name LASCAL.COM; to reactivate the Domain Name; to discontinue any suspension of the Domain Name; and to refrain from transferring the Domain Name from Plaintiff to Defendant;

2. A judgment declaring that Plaintiff's registration, use, and possession of the domain name LASCAL.COM neither infringes Defendant's trademarks in any manner, nor constitutes a violation of any federal or state law;

3. A judgment declaring that Plaintiff may continue to use and enjoy the domain name LASCAL.COM without interference of any type by the Defendant;

4. A judgment, order, or injunction enjoining Defendant from interfering with or challenging Plaintiff's registration, possession, or use of the domain name LASCAL.COM;

5. A judicial declaration that this is an exceptional case under the Lanham Act because Defendant initiated the UDRP with the bad-faith intent to use the legal system to steal the Domain Name from Plaintiff;

6. An award of Plaintiff's reasonable attorney's fees and costs incurred in bringing this action; and

7. Such other, further, and different relief as the Court may deem just and proper under the circumstances.

COMPLAINT - 7
[Case No. 3:18-cv-05965]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

| | | |
|---|---|---|
| 1 | Dated: November 21, 2018 | Respectfully Submitted, |
| 2 | | |
| 3 | | **NEWMAN DU WORS LLP** |
| 4 | | s/ Derek A. Newman |
| 5 | | s/ Derek Linke |
| | | Derek A. Newman, WSBA No. 26967 |
| 6 | | *dn@newmanlaw.com* |
| | | Derek Linke, WSBA No. 38314 |
| 7 | | *linke@newmanlaw.com* |
| 8 | | 2101 Fourth Avenue, Suite 1500 |
| | | Seattle, WA  98121 |
| 9 | | Telephone: (206) 274-2800 |
| | | Facsimile: (206) 274-2801 |
| 10 | | Attorneys for Plaintiff |
| 11 | | Stanley Pace |

COMPLAINT - 8
[Case No. 3:18-cv-05965]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**Demand for Jury Trial**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Stanley Pace respectfully requests a trial by jury of all issues so triable.

Dated: November 21, 2018

Respectfully Submitted,

**NEWMAN DU WORS LLP**

s/ Derek A. Newman
s/ Derek Linke
Derek A. Newman, WSBA No. 26967
*dn@newmanlaw.com*
Derek Linke, WSBA No. 38314
*linke@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle, WA  98121
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

Attorneys for Plaintiff
Stanley Pace

COMPLAINT - 9
[Case No. 3:18-cv-05965]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800