The Honorable Benjamin H. Settle

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

STANLEY PACE, an individual,

             Plaintiff,

      v.

JORAN LUNDH, an individual,

             Defendant.

Case No. 3:18-cv-05965-BHS

**PLAINTIFF STANLEY PACE'S STATUS REPORT**

      Plaintiff Stanley Pace respectfully submits this status report in response to the Court's September 18, 2020 ECF-only order following the re-assignment of this case upon Judge Leighton's retirement. (*See* Minute Order Reassigning Case (Dkt. No. 15).) Below is a concise summary of the status of this case and Pace's proposed next steps in bringing it to a close.

**A.    Case Background**

      Pace filed this action to obtain a judicial declaration under 28 U.S.C. § 2201 that his registration and use of the internet domain name LASCAL.COM ("Domain Name") does not violate Defendant Joran Lundh's rights under the federal Anticybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d), or otherwise under the Lanham Act, 15 U.S.C. § 1051, et seq. (*See* Complaint (Dkt. No. 1) at ¶ 1.) Pace filed a motion requesting permission to serve Hong Kong-based Lundh by email and FedEx under Rule 4(f)(2)(C)(ii) and (f)(3) at the contact information he supplied in connection with the arbitration giving rise to this action. (Dkt. No. 6.)

PL.'S STATUS REPORT —1
[Case No. 3:18-CV-05965-BHS]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

1   The Court issued an Order granting Pace's motion, authorizing service of process on

2   Lundh by two means: under Rule 4(f)(2)(C)(ii) by Clerk-dispatched mail and under Rule 4(f)(3)

3   by email. ("Service Order" (Dkt. No. 8).) Lundh was served with process by email consistent

4   with the Service Order. (*See* Declaration of Service on Defendant Joran Lundh (Dkt. No. 9) ¶¶

5   8–9, Ex. B.) And Lundh was served with process by Clerk-dispatched mail consistent with the

6   Service Order. (*See id*. ¶¶ 3–7, Ex. A.) The Clerk entered default against Lundh. (Dkt. No. 12.)

7   Following effective service and entry of default, Pace moved for a default judgment against

8   Lundh, seeking the requested declaratory relief as to the Domain Name. (Plaintiff Stanley Pace's

9   Motion for Entry of Default Judgment Against Defendant Joran Lundh (Dkt. No. 13), p. 5.) Judge

10  Leighton denied Pace's motion for default judgment in an Order indicating that the alternative-

11  service motion was granted reluctantly[1], and the Court required more details supporting Pace's

12  requested relief in order to award default judgment. (Dkt. No. 14.)

13  Within days of the Court's Order denying Pace's motion for default judgment, Lundh

14  forwarded a copy of the order to Uniregistry, the domain-name registrar responsible for

15  maintaining Pace's registration of the Domain Name, asking for the Domain Name, "I have just

16  received the enclosed document regarding the court case No C18-5965RBL, United States

17  District Court Western District of Washington At Tacoma. Does this mean that the domain

18  name Lascal.com can be transferred to me?" (September 25, 2020 Declaration of Derek Linke

19  ("Linke Decl.") ¶ 2, Ex. A)

20  Uniregistry forwarded Lundh's request to Pace's counsel. (Linke Decl. ¶ 2, Ex. A.)

21  Uniregistry indicated that, under the circumstances, the Domain Name's status would remain

22  unchanged. (*Id.* at ¶ 3.) Uniregistry also advised that Lundh's correspondence "demonstrates,

23  among other things, (a) that [Lundh] is actively aware of the litigation and is following it, and

24  (b) the defendant is attempting to obtain the domain name." (*Id.*) Now there is no question as to

25  whether Lundh has actual notice of this action.

26

27

28  ---
[1] There was no mention of reluctance or any other hesitation in the Court's Order Directing Foreign Service of Process Under Fed. R. Civ. P. 4(f)(2)(C)(ii) and Fed. R. Civ. P. 4(f)(3). (*See* Dkt. No. 8).

PL.'S STATUS REPORT — 2
[Case No. 3:18-CV-05965-BHS]

Newman Du Wors LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800

**B.    Pace's Proposed Next Steps**

Since then, Lundh has apparently continued to monitor this action closely, hoping that his refusal to participate in this judicial process will result in his obtaining the Domain Name. As of the date of this filing, Pace has been unable to locate Lundh for potential service in a jurisdiction other than Hong Kong, which he continues to hold out as his residence. (*See* Linke Decl. ¶ 4, Ex. B.) However, despite attempting to conceal his presence within the U.S., Lundh routinely works with U.S. counsel to secure federal patent and trademark registrations. (*Id.* at ¶ 5, Ex. C.) For example, as recently as October 8, 2019, the U.S. Patent & Trademark Office issued Patent No. 10,433,656 to Lundh. (*Id.*)

Under the circumstances, Pace requests that the Court provide 28 days, until October 23, 2020, to present an amended and supplemental motion for default judgment addressing Lundh's residence status and tracking of this case along with issues identified in the March 4, 2020 Order.

Dated: September 25, 2020

Respectfully submitted,

NEWMAN DU WORS LLP

s/ Derek Linke

Derek Linke, WSBA No. 38314
*linke@newmanlaw.com*
2101 Fourth Avenue, Suite 1500
Seattle, WA 98121
Telephone: (206) 274-2800
Facsimile: (206) 274-2801

Attorneys for Plaintiff
Stanley Pace

PL.'S STATUS REPORT —3
[Case No. 3:18-CV-05965-BHS]

NEWMAN DU WORS LLP

2101 Fourth Avenue, Suite 1500
Seattle, Washington 98121
(206) 274-2800