UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STANLEY PACE,<br><br>                Plaintiff,<br>    v.<br><br>JORAN LUNDH,<br><br>                Defendant. | CASE NO. C18-5965 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND VACATING ENTRY OF DEFAULT |

This matter comes before the Court on Plaintiff Stanley Pace's motion for default judgment, Dkt. 18, and the Court's order to show cause, Dkt. 23.

Pace seeks a declaratory judgment that his registration and use of the domain name [lascal.com] does not violate Defendant Joran Lundh's rights and that Pace may keep the name. Dkt. 1. In June 2019, Judge Ronald B. Leighton[1] granted Pace's motion for alternative service, allowing Pace to serve Lundh via foreign service of process. Dkt. 8. In October 2019, default was entered against Lundh. Dkt. 12. Pace then moved for default judgment, Dkt. 13, which the Court denied, Dkt. 14. On March 5, 2021, Pace

---

[1] This case was transferred to the undersigned following Judge Leighton's retirement from the federal bench. Dkt. 15.

renewed his motion for default judgment, which is currently pending before the Court. Dkt. 18.

In April 2021, the Court received an email from Lundh stating that he had not been to his Hong Kong residence for over a year due to the COVID-19 pandemic and is currently residing in Thailand, Dkt. 22, and the Court construed the email as Lundh's appearance, *see* Dkt. 23 at 2. The Court ordered Lundh to show cause why default should be set aside or why default judgment should not enter. *Id.* In May 2021, Lundh responded to the Court's show cause order, explaining that he is entitled to get any law correspondence in Swedish pursuant to the Hauge Convention. Dkt. 24.

Based on the Court's own research, it appears that Lundh is correct. As both the United States and Sweden are signatories to the Hague Service Convention, the Hague Service Convention provides "the exclusive means for service of process." *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 706 (1988). The primary service method under the Hague Service Convention is through the signatory's Central Authority. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters arts. 2, 3, 5, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 ("Hague Service Convention"). After receiving a request, the Central Authority serves the documents through its own internal service of process mechanisms. *Id.* art. 5. If a State does not object, Article 10(a) permits foreign persons "the freedom to send judicial documents, by postal channels, directly to persons abroad." *Id.* art. 10(a).

Under Article 5 of the Hague Convention, the Central Authority of a signatory nation may require the document to be served to be written in or translated into the

official language of the state addressed. *Id.* art. 5 ("[T]he Central Authority may require the document to be written in, or translated into, the official language or one of the official languages of the State addressed."). Though case law specific to Sweden is limited, two courts have concluded that Sweden requires certain judicial documents to be translated, including summons and complaints. *See Borschow Hosp. & Med. Supplies, Inc. v. Burdick-Siemens Corp.*, 143 F.R.D. 472, 480 (D.P.R. 1992) ("service must be made in the language of the recipient in order to be effective"); *Johnson v. Pfizer Inc.*, 32 Conn. L. Rptr. 207, 2002 WL 1041984, at *2 (Conn. Super. Ct. 2002).

Pace did not translate the complaint or summons and therefore has not perfected service. *See* Dkt. 9 and exhibits attached thereto. His motion for default judgment, Dkt. 18, is therefore **DENIED without prejudice**.

And pursuant to Federal Rule of Civil Procedure 55(c), the Court orders that the entry of default, Dkt. 12, shall be set aside. Rule 55(c) allows a court to set aside an entry of default for good cause. To determine "good cause", "a court must 'consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice' the other party." *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (quoting *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925–26 (9th Cir. 2004) (alterations in original)). The standard to set aside an entry of default is disjunctive, meaning that a finding of one of the factors is sufficient is sufficient to set aside the entry. *See id.* Reopening the default would not prejudice Pace as

it would allow him to perfect service, and "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). Indeed, other courts have acknowledged that "[d]efault cannot be entered where there was insufficient service of process." *Scott v. District of Columbia*, 598 F.Supp.2d 30, 36 (D.D.C. 2009).

Therefore, Pace's motion for default judgment, Dkt. 18, is **DENIED without prejudice** and the Entry of Default dated October 17, 2019, Dkt. 12, shall be **VACATED**. Pace shall serve Lundh in accordance with this Order and the Hague Convention no later than **August 13, 2021**.

**IT IS SO ORDERED.**

Dated this 1st day of July, 2021.

BENJAMIN H. SETTLE
United States District Judge